AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 1 2026
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

United States of America
v.
Joseph Hernandez
"a/k/a Martin Mata Sotelo"
*Defendant(s)*

Case No. 2:26-MJ-206

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 1, 2026 in the county of Potter in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| Title 8 United States Code, Section 1326(a) and 6 United States Code, Sections 202(3), 202(4) and 557 | Illegal Re-Entry After Deportation |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

*Complainant's signature*

Mason Hathaway, HSI SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 10/1/26

*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF COMPLAINT**
**Case No. 2:25-MJ-206**

I, Mason Hathaway, being duly sworn under oath, do hereby depose and state: I am a Special Agent (SA) with the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), I have been a sworn Federal Law Enforcement Officer since September 2018 and have been assigned to HSI in Amarillo, Texas since December 2025. I began my Federal Law Enforcement career as a United States Border Patrol Agent (USBP) with Customs and Border Protection (CBP), a component of DHS. I have training and experience in conducting investigations related to immigration crimes including illegal reentry into the United States after deportation in violation of Title 8, United States Code, Section 1326(a).

**Title 8, United States Code, Section 1326(a)**

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or

national of the United States. 8 U.S.C. 1101(a)(3).

**Facts Establishing Probable Cause**

On October 1, 2026, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Deportation Officers located Joseph HERNANDEZ, also known as Martin Mata Sotelo, at the Amarillo Police Department in Amarillo, Texas, which is in the Amarillo Division of the Northern District of Texas, following his arrest by the Amarillo Police Department for traffic violations. Utilizing HERNANDEZ's biometrics, immigration records revealed that HERNANDEZ is, and was on October 1, 2026, a citizen and national of MEXICO by virtue of birth in MEXICO. Those records also showed that HERNANDEZ had been removed from the United States on or about, October 31, 2009, at or near, the Port of Departure in Nogales, Arizona. Immigration records also showed that HERNANDEZ had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of that previous removal.

Mason L. Hathaway
Homeland Security Investigations
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant,

that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 1st day of OCTOBER, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE